UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22802-CIV-HIGHSMITH

RAUL BEJARANO,

       Petitioner,

v.

MICHAEL CHERTOFF, Secretary of the United
States Department of Homeland Security, JULIE
MYERS, Assistant Secretary of the United States
Department of Homeland Security--Immigration
and Customs Enforcement, TRACI A LEMBKE,
Director, United States Department of Homeland
Security--Immigration and Customs Enforcement
Office of Professional Responsibility; AGENT
RANDOLPH "TYLER" MORGAN, Immigration
and Customs Enforcement Officer; AGENT
DAVID DAMATO, Supervisory Immigration
and Customs Enforcement Officer; and THE
UNITED STATES OF AMERICA

       Respondents.

_____/

## ORDER

       THIS CAUSE is before the Court upon Plaintiff's Petition for Writ of Habeas Corpus and

Complaint for Declaratory and Injunctive Relief.  This Court has reviewed Plaintiff's Petition,

Respondent's Response, Petitioner's Reply, the case file, and applicable case law.

       Petitioner is a native and citizen of Colombia who entered the United States, remained

beyond his authorized period, and was ordered removed after his applications for relief were

denied.  Once Petitioner was taken into custody by Immigration and Customs Enforcement (ICE),

he advised ICE agents that he paid money to an individual who claimed to be an immigration

officer, in exchange for a permanent resident card.  Petitioner provided information to assist ICE in investigating this individual and Petitioner is now attempting to apply for a "U" Visa.

The Victims of Violence Protection Act created the "U" non-immigrant visa classification and in order to be eligible for a "U" visa, Petitioner must establish that he "suffered substantial physical or mental abuse" as a result of having been the victim of specified criminal activity.  *See* 8 U.S.C. §1101(a)(15)(U)(I).  In order to complete the application process required to obtain a "U" visa, Petitioner must first obtain a status certification from a federal, state, or local law enforcement official, prosecutor or judge that the alien has been helpful or is likely to be helpful in investigating specific criminal activity.  *See* 8 U.S.C. §1184.  Jurisdiction over granting a "U" visa rests with the United States Citizenship and Immigration Services, and any decision by the certifying official to sign or decline to sign the status certification is discretionary.  *See* 8 C.F.R. §214.14(a)(12); 8 C.F.R. §214.14(b); 8 C.F.R. §214.14(c)(4).

In *Heckler v. United States*, 470 U.S. 821, 832, 105 S.Ct. 1649, 1656 (1985), the United States Supreme Court noted that "when an agency refuses to act it generally does not exercise its *coercive* power over an individual's liberty or property rights, and thus does not infringe upon areas that courts often are called upon to protect."  In his reply, Petitioner argues that "Respondents' argument that this Court is without jurisdiction to consider Petitioner's petition must be rejected in that it is not supported by any authority."  Interestingly, Petitioner then fails to cite a single case for his assertion that this Court has the authority to intervene in this matter.

Because this Court lacks subject matter jurisdiction over this case, Petitioner's Petition for Writ of Habeas Corpus is DENIED and Petitioner's Complaint for Declaratory and Injunctive

Relief is DISMISSED WITH PREJUDICE.  Petitioner's Motion for Hearing is DENIED AS

MOOT and this case is CLOSED.

　　　　DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, this 13th

day of June, 2008.


_____
SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE


cc:　　　Counsel of Record